**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **AZARIAS NAZARIO ESCAMILLA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-83-KC** |
| | § | |
| **MARY DE ANDA-YBARRA et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**<u>FINAL JUDGMENT</u>**

On this day, the Court considered the case.  On January 28, 2026, the Court granted in part Azarias Nazario Escamilla's Petition for Writ of Habeas Corpus and ordered Respondents to either (1) provide him with a bond hearing before an IJ, at which the Government was to bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, his continued detention; or (2) release him from custody, under reasonable conditions of supervision. Jan. 28, 2026, Order 2, ECF No. 4.  Respondents have now informed the Court that, on February 4, an Immigration Judge ("IJ") granted Nazario Escamilla a $4,000 bond.  Notice Ex. A ("IJ Order"), ECF No. 5-1.

It appears that the only remaining matter to be resolved in this case is Nazario Escamilla's request for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA").  *See* Pet. 28, ECF No. 1; *see generally* Jan. 28, 2026, Order.  However, successful immigration habeas petitioners are not entitled to attorneys' fees under the EAJA.  *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023).

Accordingly, **<u>the Clerk shall close the case</u>**.  To the extent Nazario Escamilla wishes to seek additional relief from the Court, he may file a motion to reopen.

2

**SO ORDERED**.

**SIGNED** this 5th day of February, 2026.

KATHLEEN  CARDONE
UNITED STATES DISTRICT JUDGE